IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-08-079-JHP |
| | ) | |
| TRUMAN LEON BURGESS, a/k/a, | ) | |
| TRUMON LEON BURGESS, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

An Unopposed "Motion Pursuant to 18 U.S.C. § 4241(Determination of Mental Competency to Stand Trial and Assist in Defense)" was filed by Defendant Truman Leon Burgess on January 22, 2009 [Docket No. 49]. The Court granted the motion and ordered that a psychological examination of the defendant be conducted to determine whether he is suffering from a mental disease or defect rendering him mentally incompetent. Thereafter, the defendant was evaluated by Dr. Tiffany K. Brown, Psy.D. and her report was filed on August 7, 2009 [Docket No. 57]. In Dr. Brown's report she states that in her opinion "there is no objective evidence to indicate Mr. Burgess suffers from signs or symptoms of a major mental disorder or mental condition that impairs his present ability to understand the nature and consequences of the court proceeding against him, or his ability to properly assist counsel in his defense." [Docket No. 57].

After receiving the report prepared by Dr. Brown, the Court held a competency hearing on August 18, 2009. At the hearing, Mr. Burgess did not stipulate to the report and called Dr. Brown to testify. Dr. Brown's testimony was consistent with the conclusion she reached in her

1

report. In addition, Dr. Brown discussed her qualifications, explained the manner in which certain tests were administered to Mr. Burgess, and elaborated on conclusions that were drawn from certain test results. No other witnesses or evidence was offered at the hearing.

Based on the conclusions set forth in Dr. Brown's report and Dr. Brown's testimony at the competency hearing, the Court finds by a preponderance of the evidence that Mr. Burgess is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(d); *see Nguyen v. Reynolds*, 131 F.3d 1340, 1346 (10th Cir. 1997) ("Competence to stand trial requires that a defendant have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.'") (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

Accordingly, the Court finds that Defendant Truman Leon Burgess is competent to proceed to trial.

IT IS SO ORDERED this 20th day of August, 2009.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma